UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GARY MCCLELLAN, <br> a/k/a Malik Asad Al-Malaki II[1], <br><br> Petitioner, <br><br> V. <br><br> KAREN EDENFIELD, Warden of FCI-Manchester, <br><br> Respondent. | Civil Action No. 6: 13-259-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Gary McClellan is an inmate confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). Proceeding without an attorney, McClellan has filed a petition for writ of habeas corpus challenging his federal conviction and sentence pursuant to 28 U.S.C. § 2241. [Record No. 1] The petition will be denied because § 2241 is not the proper vehicle to obtain the relief sought,.

**I.**

On August 20, 1992, a federal grand jury in the Northern District of Ohio returned a seven-count indictment against McClellan, charging him with: (i) possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a) (Counts 1, 2, and 5); (ii) being a convicted felon in possession of a firearm in violation of 21 U.S.C. § 922(g)(1) (Counts 3 and 6); and (iii) using and carrying firearms during and in relation to a drug

---

[1] On April 22, 2014, the Petitioner notified the Court that he has changed his name to Malik Asad Al-Malaki, II. [Record No. 5]

trafficking crime in violation of 21 U.S.C. § 924(c) (Counts 4 and 7). [*See United States v. Gary McClellan*, Criminal Action No. 1: 92-268-PAG-1 (N.D. Ohio).] After a jury trial, McClellan was convicted on all counts. [*Id.*] He was sentenced to life imprisonment without release because the court determined that he had two prior convictions for felony drug offenses. [*Id.*] Additionally, McClellan was sentenced to consecutive prison terms of five years and twenty years for two violations of 18 U.S.C. § 924(c). [*Id.*] McClellan's convictions and sentences were affirmed on appeal. *United States v. McClellan*, 38 F.3d 1217, 1994 WL 5889497 (6th Cir. Oct. 25, 1994) (Table)

On December 10, 1996, McClellan filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *McClellan v. United States*, Civil Action No. 1: 96-2647-JMM (N.D. Ohio). Relying on *Bailey v. United States*, 516 U.S. 137 (1995), he argued that the evidence used to convict him under § 924 (c) (Counts 4 and 7 of the Indictment) was insufficient. McClellan also argued that he received ineffective assistance of counsel.[2]

On April 7, 1998, the district court denied the § 2255 motion regarding McCelllan's conviction under Counts 1, 2, 3, 5, 6, and 7 of the Indictment, concluding that he had not received ineffective assistance of counsel. *See id.*; [*see also McClellan,* Criminal Action No. 1: 92-CR-268-PAG-1, Record No. 186-2, p. 2.] The court reserved a ruling on McClellan's claims regarding Count 4 until the Sixth Circuit issued its decision in *United States v. Malcuit*, 104 F.3d 880, 885 (6th Cir. 1997) *opinion vacated and reh'g en banc granted*, 1166 F.3d 163 (6th Cir. 1997). Ultimately, the court determined that the evidence was sufficient

---

[2] In *Bailey*, the Supreme held that a conviction for 'use' of a firearm under § 924(c)(1) requires that a defendant actively employ the weapon.

to support his conviction for "carrying" a firearm in violation of § 924(c). [*See McClellan*, Criminal Action No. 1: 92-CR-268-PAG-1, Record No. 186-2, pp. 2-4.] On August 14, 1998, the district court fully denied McClellan's § 2255 motion regarding his conviction for "carrying" a firearm during and in relation to a drug trafficking offense (Count 4 of the Indictment). The court declined to issue a certificate of appealability, and denied McClellan pauper status on appeal, holding that an appeal could not be taken in good faith. *See McClellan v. United States*, No. 1: 96-CV-2647-JMM (N.D. Ohio Aug. 14, 1998).

McClellan has made numerous other filings requesting relief following imposition of his sentence. On October 30, 1997, McClellan filed a second § 2255 motion challenging his sentence. *McClellan v. United States*, No. 1:97-CV-2769-JMM (N.D. Ohio). The district court transferred that motion to the Sixth Circuit, which denied McClellan permission to file a second or successive § 2255 motion. *See id*. Then, McClellan filed a motion seeking relief under Federal Rule of Civil procedure 60(b) from both his conviction for using a firearm during and in relation to a drug trafficking offense and from the denial of his first § 2255 motion. [*See McClellan*, No. 1: 92-CR-268-PAG-1, Record No. 186.] On May 3, 2012, the district court construed McClellan's motion as an unauthorized second or successive § 2255 motion and again transferred it to the Sixth Circuit. [*Id*., Record No. 191] On November 8, 2012, the Sixth Circuit denied McClellan leave to file a second or successive § 2255 motion. [*Id*., Record No. 194] Unsatisfied, on December 26, 2013, McClellan filed his petition for habeas relief under § 2241.

## II.

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because McClellan is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, McClellan's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

In his current petition, McClellan attempts to challenge his § 924(c) firearm conviction under Count 4 of the Indictment, arguing that the evidence used to support that conviction was insufficient and that he is "actually innocent" of the offense. McClellan contends that the evidence produced at trial showed, at best, that he "possessed" the firearm and not that he "carried" it in violation of the statute. McClellan cites both *Bailey* and *Muscarello v. United States*, 524 U.S. 125, 126–27 (1998), in which the Supreme Court held that a defendant "carries" a firearm under § 924(c)(1)(A) not only when he bears it on his person, but also if he "knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which [he] accompanies." *Muscarello*, 524 U.S. at 126–27. He contends that *Muscarello* and various Sixth Circuit decisions qualify as an "intervening change in the law" that afford him retroactive relief from his firearm conviction. [Record No. 3, p. 7] McClellan argues that because the proof at trial regarding

Count 4 was insufficient under *Bailey* and *Muscarello*, his conviction for that offense violates his right to due process guaranteed by the Fifth Amendment of the United States Constitution. However, § 2241 is not the proper mechanism for making this claim.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A prisoner may not use a habeas petition pursuant to 2241 for this purpose, because it does not constitute an additional or alternative remedy to the one available under 2255. *Hernandez v. Lamanna,* 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a §

2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

McClellan is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under § 2241. Instead, he asserts the same substantive challenge to his conviction for carrying a firearm that he previously - and unsuccessfully - asserted in his first § 2255 motion. McClellan argues that *Muscarello* affords him relief from that conviction. But *Muscarello* was decided before the district court denied his motion on August 14, 1998 regarding that issue. *See* 524 U.S. at 126–27. Therefore, McClellen is mistaken that *Muscarello* and the other Sixth Circuit cases he cited constitute an intervening change in the law.[3]

---

[3] In fact, the district court reserved ruling on McClellan's challenge to his conviction on Count 4 of the Indictment until the law on the issue of "carrying" a firearm under § 924(c) had solidified in the higher courts. Accordingly, it is logical to assume that the district court was fully aware of and applied the *Muscarello* analysis on this issue when it denied his claim. Further, the Sixth Circuit has repeatedly denied McClellan leave to file a second or successive § 2255 motion.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id*. at 758. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.") Thus, McClellan has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

McClellan's claim that he is "actually innocent" of carrying a firearm in violation of § 924(c) is deficient. On direct appeal, the Sixth Circuit determined that the evidence presented at trial sufficiently supported both of McClellan's § 924(c) firearm convictions. *See United States v. McClellan*, 38 F. 3d 1217, 1994 WL 5889497, at *6. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999) Further, when the district court addressed this same claim asserted in McClellan's first § 2255 motion, that he did not "carry" the firearms found in the trunk of his vehicle, it determined that the "carrying" conviction was supported by the evidence and refused to set it aside.

**IV.**

Because McClellan has neither carried his burden of showing that his remedy under § 2255 was inadequate to challenge his federal conviction, nor established a claim of actual

innocence, he is not entitled to relief from his conviction under § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall substitute Sandra Butler, Warden of FCI-Manchester, for Karen Edenfield, the former Warden of FCI-Manchester;

2. Petitioner Gary McClellan's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This May 16, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge